UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MIGUEL H. CANDELARIO
GILBERTO,

      Petitioner,

    v.                          Case No.:  2:26-cv-00122-SPC-DNF

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER *et
al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are Miguel H. Candelario Gilberto's Verified Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Candelario Gilberto's reply (Doc. 7).  For the below reasons, the Court grants the petition.

Candelario Gilberto is a native and citizen of Guatemala.  He entered the United States in 2012.  Candelario Gilberto is married to a lawful permanent resident, he has a U.S. citizen son, and he has a I-130 Petition for Alien Relative pending with the U.S. Citizenship and Immigration Service.  He has not been accused or convicted of any crime that would render him ineligible for release on bond.  But on January 11, 2026, he was arrested for a misdemeanor fishing violation.  He was later transferred to Alligator Alcatraz,

where he remains detained without the opportunity to seek release on bond. The Department of Homeland Security ("DHS") issued a notice to appear on January 13, 2026, but did not serve it on Candelario Gilberto.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Candelario Gilberto. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Candelario Gilberto asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9),

2

and exhaustion is excused because it would be futile. And like the petitioners in those cases, Candelario Gilberto's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Candelario Gilberto has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Candelario Gilberto before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings. To be clear, subjecting Candelario Gilberto to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Candelario Gilberto receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Miguel H. Candelario Gilberto's Verified Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Candelario Gilberto for an individualized bond hearing before

an immigration judge or (2) release Candelario Gilberto under reasonable conditions of supervision. If the respondents release Candelario Gilberto, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

4